T.C. Summary Opinion 2020-8

UNITED STATES TAX COURT

HAKEEM ABUBAKR AND SHARMILA KASSIM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20248-18S.                    Filed January 30, 2020.

Hakeem Abubakr and Sharmila Kassim, pro sese.

<u>Brian P. Beddingfield</u>, <u>Willis B. Douglass</u>, and <u>Hans Famularo</u>, for

respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard subject to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $10,342 income tax deficiency and a $2,068.40 section 6662(a) penalty[2] for petitioners' 2015 tax year. The deficiency is attributable to respondent's disallowance of deductions of $46,476.65 claimed on Schedule C, Profit or Loss From Business. The issue for our consideration is whether petitioners have shown substantiation for any of the deductions respondent disallowed.

## Background

When the petition was timely filed, petitioners resided in California. During 2015 petitioners were married, and they filed a joint return for that taxable year. Mr. Abubakr was engaged in the business of making travel arrangements, and Ms. Kassim was a software engineer. Mr. Abubakr has been engaged in the travel business for his entire career. He has taught classes and has been making travel arrangements since 1980. He has worked for large corporations arranging their corporate business travel.

---

[1](...continued)
Revenue Code in effect at all relevant times.

[2]At trial respondent conceded that petitioners are not liable for the sec. 6662(a) penalty.

On Schedule C of petitioners' 2015 income tax return, Mr. Abubakr reported $17,619 of gross receipts and $94,286 of expenses, resulting in a $76,667 loss. Of the $94,286 in expenses, respondent disallowed $46,476.65, consisting of $35,221 for "Other Expenses", $8,008.65 for "Travel", and $3,247 for "Legal and Professional Services". Petitioners claimed the $76,667 loss as an offset or reduction of $147,612 in wages Ms. Kassim earned and $13,739 in Social Security benefits.

Of the $94,286 in expenses reported on Schedule C, respondent allowed $47,809.35, consisting of $2,886 for "Advertising", $453 for "Taxes and licenses", $35,553.35 for "Travel", $955 for "Deductible meals and entertainment", and $7,962 for "Utilities".

Between the time of the filing of the 2015 return and respondent's examination, Mr. Abubakr experienced difficulties, including the loss of his father and the pending divorce from Ms. Kassim. As a result of these difficulties, his recordkeeping was not up to his normal standards and was less organized.

Mr. Abubakr classified his business travel expenses into two categories: "other expense" and "travel expense". Travel expenses were those he incurred while engaged in his business. Of the $43,562 he reported as travel expenses, respondent disallowed deductions of $8,008.65 and allowed $35,553.35. The

"other expense" category concerned travel expenses that he paid up front for the clients. The clients would then repay petitioner through some medium such as PayPal. In this category respondent disallowed any deduction for the $35,221 claimed.

Some of the travel expenses included a personal trip with Mr. Abubakr's family to Fiji. He also included many of the documents and receipts claimed and allowed as travel expense deductions in the other expense category. The documentation he presented at trial in support of his Schedule C business expenses totaled slightly more than $66,000 without considering duplications. After eliminating duplications, the documentation he presented accounted for slightly more than $37,000.

## Discussion

The sole controversy is whether Mr. Abubakr can show entitlement to more than the $47,809.35 in Schedule C expense deductions respondent allowed. In that regard Mr. Abubakr bears the burden of showing that respondent's determination is in error. See Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to do that he must show that the expenses deducted on Schedule C of petitioners' 2015 income tax return were supported by adequate records. See

Campbell v. Commissioner, 134 T.C. 20, 28 (2010) (and cases cited thereat), aff'd per curium, 658 F.3d 1255 (11th Cir. 2011).

Section 162(a) requires that in order for taxpayers to be entitled to deductions they must incur ordinary and necessary expenses paid in carrying on a trade or business. In addition section 274(d) provides more stringent substantiation requirements for travel expenses which, in great part, produced the income tax deficiency determined in this case. Mr. Abubakr must show the amount, time and place, business purpose, and business relationship of the travel expenses reported for 2015. He must substantiate entitlement to deductions exceeding the $47,809.35 respondent allowed.

At trial Mr. Abubakr offered 226 photocopied documents containing spread sheets, some bank records, receipts, and other related materials. It was his position that the documentation would show that he was entitled to more than the amounts respondent allowed.

Upon cross-examination it became clear that the documents relating to the $35,221 of "other expenses" contained numerous duplications to those Mr. Abubakr offered in support of the $43,562 of travel expenses. Moreover, on the basis of his testimony, the amounts in the "other expense" category comprised expenditures made on behalf of clients. He also testified that the clients paid him

back for those expenditures. This explanation logically fits with the pattern of a for-profit travel business. What seems lacking in substance are alleged expenditures made on behalf of clients which were not paid back. Considering the duplication and Mr. Abubakr's failure to meet the more stringent substantiation requirements of section 274(d), respondent's disallowance of deductions for the $35,221 for "other expenses" is sustained.

With respect to the $43,562 deduction Mr. Abubakr claimed for his business travel, respondent disallowed $8,008.65 and allowed $35,553.35. Included in this category were personal and family nonbusiness travel. Mr. Abubakr has not shown which, if any, of the documentation presented would entitle him to more than the $35,553.35 of deductions respondent allowed. Accordingly, respondent's disallowance of the $8,008.65 for travel expense deductions is sustained.

With respect to the $3,247 Mr. Abubakr deducted for legal and professional services Mr. Abubakr claimed, he has failed to adduce or direct the Court to any evidence which substantiates any portion of the amount respondent disallowed. Accordingly, respondent's disallowance of the $3,247 for the legal and professional services deduction is sustained.

Ultimately, the records Mr. Abubakr submitted total approximately two-thirds of the $94,286 of total Schedule C expenses reported. If duplications in the

submitted documentation are considered, the net amount is about $10,000 less than the $47,809.35 in Schedule C expense deductions respondent allowed.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a)</u>.